UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN H. CORNEALUS, | ) | 1:04-CV-06338 LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | EVIDENTIARY HEARING |
| v. | ) | [Doc. #24] |
| | ) | |
| | ) | |
| ROBERT A. HOREL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated March 3, 2005, this case was assigned to the undersigned for all purposes, including entry of final judgment.

  On July 31, 2006, Petitioner filed a motion for an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. (Emphasis added.)  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that:

1  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of
2  fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th
3  Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372
4  U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715
5  (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

6       Initially, the Court must determine whether a factual basis exists in the record to support
7  Petitioner's claim. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir.1999). If the claims can be
8  resolved by reference to the existing state court record, an evidentiary hearing will be regarded as
9  futile and will therefore be denied. Id.; Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir.1998) (same);
10 Villafuerte v. Stewart, 111 F.3d 616, 633 (9th Cir.1997) (A petitioner's request to have a federal court
11 hear the same evidence heard by the state court in the state habeas proceeding is not a valid reason
12 for an evidentiary hearing.); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.1994) (An evidentiary
13 hearing is not required on issues that can be resolved by reference to the state court record.).

14      In this case, a factual basis exists in the trial record to support each of Petitioner's several
15 claims.  More importantly, the factual basis for each claim was sufficiently developed at trial, and
16 this Court can resolve Petitioner's claims with reference to the state court record. Petitioner argues
17 that an evidentiary hearing should be held on all claims; however, he does not claim the existence of
18 any new evidence that would merit an evidentiary hearing.  A federal evidentiary hearing would be
19 redundant and futile at this time. Following a thorough review of the petition's merits, the Court will
20 *sua sponte* issue an order for an evidentiary hearing should it find one necessary. Accordingly,
21 Petitioner's motion for an evidentiary hearing is DENIED.

22                                    **ORDER**

23      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for an evidentiary hearing
24 is DENIED.
25 IT IS SO ORDERED.
26 **Dated:    August 16, 2006**            /s/ Lawrence J. O'Neill
   b9ed48                          UNITED STATES MAGISTRATE JUDGE
27
28